# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:06CR195 |
| | § | |
| LANCE JANARO LANE (5) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 26, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Heather Rattan.

On May 2, 2007, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 117 months imprisonment followed by a 5 year term of supervised release for the offense of Conspiracy to Manufacture, Distribute or Possess with Intent to Manufacture, Distribute or Dispense Cocaine Base (Crack) and/or Marijuana and/or Cocaine. On February 23, 2009, the Court under 18 U.S.C. § 3582(c)(2) reduced Defendant's sentence of imprisonment from 117 months to 96 months. Subsequently, on December 16, 2011, the Court under 18 U.S.C. § 3582(c)(2) reduced Defendant's sentence of imprisonment from 96 months to 86 months. Defendant began his term of supervision on August 2, 2013.

On December 15, 2014, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 171). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not

purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (4) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; and (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

      The Petition alleges that Defendant committed the following violations: (1) On October 3, 2014, Defendant submitted a urine specimen to the U.S. Probation Office in Arlington, Texas, which tested positive for marijuana. He admitted verbally and in writing to U.S. Probation Officer LaMonica Robertson that he was smoking marijuana daily; (2) On October 23, 2014, Defendant submitted a urine specimen to the U.S. Probation Office in Arlington, Texas, which tested positive for marijuana. He again admitted verbally and in writing to U.S. Probation Officer Robertson that he was smoking marijuana daily. He also admitted he used phencyclidine (PCP) in July 2014; (3) In February 2014, Defendant failed to follow the instructions of U.S. Probation Officer Robertson to attend substance abuse treatment. Additionally, on October 3, 2014, Defendant was instructed to report to Dallas Metro Care or Life Net for a psychological evaluation which he failed to do; (4) Defendant reported being fired from Gold's Landscape on August 18, 2014, which was employment he obtained while at the halfway house. He admitted being fired for having a bad attitude toward his employer and other employees at the company. On August 26, 2014, he obtained employment at Classic Party Rental and was subsequently fired on September 30, 2014, for demanding to be paid

2

at the end of each workday in lieu of waiting until the scheduled pay dates; (5) Defendant was unsuccessfully discharged from Phoenix Counseling and Associates for failure to participate in the program as directed on October 28, 2014; and (6) Defendant failed to submit a random urine specimen as instruction on November 11, 2014.

At the hearing, Defendant entered a plea of true to the allegations as to using marijuana and a plea of not true to the allegation as to using PCP. Defendant did not waive his right to allocute before the District Judge. Defendant further did not waive his right to object to this Report and Recommendation. The Government offered the testimony of U.S. Probation officers LaMonica Robertson regarding Defendant's admissions of drug use.

Having considered the allegations made and testimony presented, the Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the January 26, 2015 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with no supervised release to follow. The Court further recommends mental health treatment as needed and that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Ft. Worth, Texas, if appropriate.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained herein. 28 U.S.C.A. § 636(b)(1)(C).

**SIGNED this 9th day of February, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE